Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| LUNA RESIDENTIAL II LLC<br>Peticionarios<br><br>v.<br><br>ANDRÉS CÓRDOVA PHELPS,<br>NOEMÍ ROSADO FIGUEROA y<br>LA SOCIEDAD LEGAL DE<br>BIENES GANANCIALES<br>COMPUESTA POR AMBOS<br>Recurridos | KLCE202500219 | *Certiorari* procedente del Tribunal de Primera Instancia Sala Superior de San Juan<br><br>Civil Núm.<br>K CD2015-2571<br>K CD2015-2640<br><br>Sobre:<br>Cobro de Dinero; Ejecución de Hipoteca por la vía ordinaria |

Panel integrado por su presidente, el Juez Bonilla Ortiz, la Jueza Lebrón Nieves y el Juez Adames Soto

Adames Soto, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de junio de 2025.

a.

Comparece ante nosotros Luna Residential II LLC., (Luna Residential o la parte peticionaria), mediante recurso de *certiorari*, solicitando que revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, (TPI), de 20 de septiembre de 2024.

Mediante dicho dictamen interlocutorio el foro primario declaró *No Ha Lugar* una *Solicitud de desestimación* presentada por la Luna Residential, en la que solicitó la desestimación de la *Demanda de tercero* presentada por los recurridos de epígrafe, esposos Córdova-Rosado, contra Firstbank Puerto Rico (Firstbank). Luna Residential adujo en la referida moción dispositiva que los esposos Córdova-Rosado no habían emplazado al tercero demandado Firstbank dentro del término reglamentario de

ciento veinte días dispuesto por la Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c).

Sin embargo, contrario a lo esgrimido por Luna Residential, en su fundamentada *Resolución* denegatoria de moción de desestimación el TPI concluyó que Firstbank sí había sido debidamente emplazado de manera oportuna, el 2 de diciembre de 2016, y siempre se había mantenido como parte en el pleito, por lo que no correspondía acceder al remedio solicitado por la parte peticionaria.

*A contrario sensu,* en el recurso de *certiorari* ante nuestra consideración, Luna Residential persiste en su argumento sobre la falta de jurisdicción sobre la persona de Firstbank, al presuntamente no diligenciarse el emplazamiento correspondiente a la *Demanda contra tercero* presentada contra este último, el 2 de mayo de 2022. En lo específico, la parte peticionaria sostiene que, aunque Firstbank fuera emplazado inicialmente el 2 de diciembre de 2016 por los esposos Córdova-Rosado, operada la sustitución de los acreedores por Luna Residential, e instada nueva *Demanda contra tercero* contra Firstbank, correspondía emplazar a esta última nuevamente.

Examinado el extenso trayecto procesal del caso ante nosotros, decidimos no intervenir con el dictamen cuya revocación se nos solicita, permitiendo la continuación de los procesos sin interrupción.

b.

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorado et al.,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró,* 165 DPR 324 (2005). La expedición del auto descansa en la sana discreción del tribunal, y

encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Negrón v. Srio. de Justicia,* 154 DPR 79 (2001).

Por su parte, es a través de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, que se instrumentaliza tal recurso, disponiendo que servirá para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, y será expedido por el Tribunal de Apelaciones cuando se recurre, en lo pertinente, de una resolución u orden *denegatoria de una moción de carácter dispositivo.*

Entonces, determinado que el asunto del cual se recurre se encuentra previsto dentro de alguna de las materias contempladas en la Regla 52.1, *supra,* procede evaluar si a la luz de los criterios enumerados en la Regla 40[1] de nuestro Reglamento, 4 LPRA Ap. XXII-B, se justifica nuestra intervención. Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada, es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró,* supra.

En este ejercicio, nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de

---

[1]  A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberá ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

pasión, perjuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001). Es decir, "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000); *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*).*

Finalmente, nuestro ordenamiento desfavorece la revisión de las determinaciones interlocutorias, por cuanto *suelen interrumpir la marcha ordenada de la litis. Medina Nazario v. Mcneil Healthcare, LLC.*, supra.

c.

Según ya lo hemos reconocido, la Regla 52.1 de Procedimiento Civil, *supra,* nos habilita para revisar resoluciones interlocutorias denegatorias de mociones dispositivas. En el caso ante nuestra consideración Luna Residential precisamente nos solicita la revocación de una denegatoria de *Moción de desestimación, ergo,* una moción dispositiva. Por tanto, nos encontramos ante una de las situaciones excepcionales en las que el ordenamiento nos permite intervenir con determinaciones interlocutorias del TPI.

Sin embargo, lo dicho en modo alguno obliga a este foro revisor a expedir los recursos de *certiorari,* por cuanto sigue siendo la característica fundamental de tal recurso la discrecionalidad que se le reconoce al Tribunal de Apelaciones para expedirlo o no. Por ello nuestro Tribunal Supremo se ha pronunciado en contra de nuestra intervención con las determinaciones interlocutorias del foro recurrido, *salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de*

*cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". Zorniak Air Servs. v. Cessna Aircraft Co.*, supra.

Examinado el tracto procesal del dictamen cuya revocación nos solicita la parte peticionaria, no advertimos que acontezcan ninguno de los presupuestos que justificarían nuestra intervención con la denegatoria de la *Moción de desestimación* instada por Luna Residential. Sin necesidad de mayor elaboración sobre el asunto, planteada la presunta falta de jurisdicción sobre Firstbank por la alegada falta de emplazamiento, no apreciamos abuso de discreción, prejuicio o parcialidad algunos en la decisión del TPI al reconocer que esta fue debidamente emplazada muy temprano en el pleito, y se ha mantenido como parte durante todo el proceso, cumpliéndose así el propósito esencial del emplazamiento, que es el de notificarle que existe una causa de acción en su contra de la cual se puede defender.

En consonancia, cabe denegar expedir el recurso de *certiorari* solicitado y, en cambio, permitir la continuación de los procesos sin dilación.

d.

Por lo expuesto*, denegamos* expedir el recurso de *certiorari* solicitado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones